<hr />

## Case No. 13,673.

### SWANN et al. v. BROWN.

[4 Cranch, C. C. 247.] [1]

Circuit Court, District of Columbia. Oct. Term, 1832. [2]

USURY—VIRGINIA STATUTE—EQUITABLE JURIS-
DICTION.

Under the third section of the Virginia statute of usury, every debtor has a right to go into equity, alleging usury, whether he can or cannot prove it without the aid of the defendant's answer, and although judgment at law may have been rendered against him.

Bill in equity, stating that William T. Swann, in October, 1819, proposed to borrow of the defendant, $2,300, at ten per cent. per annum, which proposition was acceded to by the defendant; and it was agreed that $1,000 of it should be secured by a ground rent of $152 per annum upon, two lots of land, &c., and that the residue should be secured by a bond, with sureties; the rent and interest to be paid half-yearly, with leave to W. T. Swann to redeem the ground rent on payment of $1,000. He was to retain the loan for three years, but she had a right to demand repayment at the end of any year, upon sixty days' notice; and had a right to enter on the property, if the interest and rent were not punctually paid. That the $2,300 were advanced on those terms. The lots were conveyed to her in fee, and she leased them to W. T. Swann at $152 a year, who also gave his bond for $1,300, according to the agreement, bearing interest at six per cent. per annum. That W. T. Swann died in October, 1830. That $1,400.30 have been paid by W. T. Swann and his administratrix. That the defendant afterward brought suits at law on the bond against this complainant and the sureties. That those defendants were advised that the contract was usurious, and that if they took the defence at law, and should succeed, the present defendant would lose the debt entirely; but they were not disposed to push the matter to that extremity; and the counsel of these complainants agreed with the counsel of the present defendant at the bar, at the time the judgment was rendered, and in the presence and hearing of the court, that the plea of usury should be withdrawn, and a judgment rendered upon the bond, with an

: [Reported by Hon. William Cranch, Chief Judge.]

2 [Reversed in 10 Pet. (35 U. S.) 497.]

understanding that these complainants should have the privilege of resorting to a court of equity to have the claim settled, upon the same principles as if she had instituted against the defendant, a bill in chancery for the discovery of the usury. That they have been advised that they are not bound in equity to pay more than the principal debt, and are entitled to have credit for the moneys which the administratrix has paid, to be deducted out of the sum of $2,300 loaned as aforesaid, and only bound to pay the balance of principal; but that the defendant has issued execution for the whole amount of the bond and interest thereon, &c. Wherefore the complainants pray injunction, &c. The injunction was granted, but was dissolved as to $849.70, being the balance of the principal after deducting all payments, and $50 for the supposed costs of this suit. The defendant demurred to the bill, and answered, admitting the agreement, but denying that it was usurious.

At April term, 1828, the cause came on to be heard upon the demurrer, and was argued by Mr. Jones, for the defendant, and Mr. Taylor, for the complainants, who cited the case of Young v. Scott, 4 Rand. [Va.] 415, in which the court of appeals in Virginia, in 1826, decided that every debtor has a right to go into equity, under the third section of the Virginia statute of usury, whether he can or cannot prove the usury without aid of the defendant's answer; and that, in all cases of usury, the court of equity, if it give relief at all, will give that pointed out by the statute; that is, will oblige the creditor to accept his principal without any interest.

Upon the authority of that case, the judges were of opinion that this court, as a court of equity, has jurisdiction of this cause, by virtue of the third section of the Virginia statute of usury of November 23, 1796 (page 367), and that the defendant is bound to answer the allegations charging the usury; although the complainants have not stated in their bill that they cannot prove the usury without the aid of the defendant's answer, and although judgment has been rendered at law. That the demurrers, therefore, must be overruled, so far as they proceed upon those grounds. The plaintiffs had leave to amend their bill; and the injunction, which had been dissolved, was reinstated, as to all but the sum of $899.70.

The third section of the Virginia statute of usury is in these words: "Any borrower of money or goods may exhibit a bill in chancery against the lender, and compel him to discover, upon oath, the money or thing really lent, and all contracts, bargains, or shifts which shall have passed between them, relative to such loan, or the repayment thereof, and the interest and consideration for the same; and if, thereupon, it shall appear that more than lawful interest was reserved, the lender shall be obliged to ac-cept his principal money without interest or consideration, and pay costs, but shall be discharged of all other penalties of this act."

The cause having been continued to the present term, was now, by consent, set for hearing, on the bill, supplemental bill, answer, general replication, and demurrer to the supplemental bill and evidence, and having been heard and argued by counsel,

CRANCH, Chief Judge, delivered the opinion of the court as follows: The supplemental bill does not substantially differ from the original bill; but it is somewhat more formal and pointed in its allegations; and it refers to the original agreement signed by Mr. W. T. Swann, and the defendant, which is referred to in an affidavit of Gustavus B. Alexander, and is admitted in the defendant's answer as constituting the original agreement. That the bond in question was executed in pursuance of that agreement, is apparent by comparing them with each other. That the original agreement thus confessed in the answer, was usurious, is apparent on its face. The bond, therefore, is affected, or infected by that usury.

The only question remaining, is, whether this court, as a court of chancery, or a court of equity, can now give relief. That point was decided by this court upon the former demurrer, which embraced all the causes of demurrer which are now urged. That decision we believe to be fully warranted, by the judgment of the court of appeals of Virginia, in the case of Young v. Scott, 4 Rand. [Va.] 415, which case embraces and decides every point of demurrer made in this. In one particular, this case is stronger for the complainants than that; because, in that case, a judgment at law had been rendered without any reservation of equity; a forthcoming bond had been given, upon an execution issued upon that judgment; the forthcoming bond had been forfeited, and a judgment rendered upon it, without reservation of equity. Whereas, in the present case, the judgment was confessed, with a saving of the defendant's equity; meaning thereby, no doubt, the defendant's right to apply to a court of equity for the relief given by the statute, as well as relief upon any original equity of which they could not have availed themselves at law. As the case is clearly made out in favor of the complainants, without resorting to evidence beyond the written contract, the answer and the bond upon which the judgment at law was rendered, we have not looked into the affidavits of the Alexanders, and therefore give no opinion as to their competency as witnesses, or the competency of the matter of the affidavits. We think the injunction ought to be perpetual, and that the complainants are, under the statute, entitled to costs.

Decree accordingly, nem. con.

NOTE: Reversed by the supreme court of the United States (10 Pet. [35 U. S.] 497), who

do not seem to have noticed the case of Young v. Scott. 4 Rand. [Va.] 415, upon the authority of which case, this court decided the cause.